# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JULY SESSION, 1998

FILED

October 12, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE, ) C.C.A. NO. 03C01-9711-CR-00497
)
Appellee, )
)
) McMINN COUNTY
VS. )
) HON. EARLE G. MURPHY
BILLY BIVENS, ) JUDGE
)
Appellant. ) (Official Misconduct; Assault)

ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF McMINN COUNTY

FOR THE APPELLANT:

DONALD B. REID
10 West Madison Avenue
P.O. Box 628
Athens, TN 37371-0628

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243-0493

JERRY N. ESTES
District Attorney General
Washington Avenue
Athens, TN 37303

OPINION FILED _____

APPEAL DISMISSED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Billy Bivens, appeals from his convictions for official misconduct in violation of Tennessee Code Annotated § 39-16-402 and assault in violation of § 39-13-101. The trial court entered judgment on both convictions on May 30, 1997, and Defendant filed a Motion for a New Trial and/or Acquittal on April 11, 1997. Because this motion has not yet been granted or denied, Defendant's appeal is not properly before this Court. We therefore dismiss the appeal for absence of a final judgment.

> Tennessee Rule of Appellate Procedure 4 prescribes that
>
> if a timely motion or petition under the Tennessee Rules of Criminal Procedure is filed in the trial court by the defendant . . . under Rule 29(c) for a judgment of acquittal [or] under Rule 33(a) for a new trial . . . , the time for appeal for all parties shall run from entry of the order denying a new trial or granting or denying any other such motion or petition.

Tenn. R. App. P. 4(c). Advisory Commission Comments to this section suggest that "it would be undesirable to proceed with the appeal while the trial court has before it a motion the granting of which would vacate or alter the judgment appealed from, and which might affect either the availability of or the decision whether to seek appellate review." Id. (Advisory Comm'n Comments).

We recently considered this precise issue and concluded that it is not simply a matter of desirability, but one of jurisdiction; and this Court does not have jurisdiction over an appeal where the trial court retains jurisdiction over a post-trial motion. State v. Landy G. Kash, C.C.A. No. 01C01-9705-CR-00179, Smith County (Tenn. Crim. App., Nashville, Feb. 23, 1998) ("This Court's

appellate jurisdiction is limited to review of the final judgments of trial courts, and therefore, we cannot entertain this appeal as we are without jurisdiction to do so.").

Furthermore, the supreme court has provided some guidance in Evans v. Wilson, 776 S.W.2d 939, 940 (Tenn. 1989). In that civil case, the plaintiffs timely filed a motion for new trial and, alternatively, a motion for additur. Id. The trial court ruled that the jury verdict was inadequate, suggested an additur, and overruled the motion for new trial on all other points. Id. If, however, the defendant had rejected the recommended additur, then the plaintiffs would have been entitled to a new trial. Id. The plaintiff filed a notice of appeal, based upon the trial court's denial of the motion for new trial, even though the record reflected no action by the defendant to accept or reject the additur. Id.

In Evans, the supreme court affirmed the court of appeals' remand of the case because the motion for new trial had not decisively been granted or denied.[1] The court held, "The order suggesting additur and granting a new trial is only provisional and is not self-executing. The order granting a new trial is not a final judgment and is not appealable as of right." Id. at 941 (citing Tenn. R. App. P. 3(a)). In holding that the notice of appeal filed by the plaintiff was "without effect," the supreme court based its reasoning upon Tennessee Rule of Appellate Procedure 4(b), which specifies the time for appeal in civil cases. Id. at 942. Because Rule 4(b) is substantively identical to the rule under consideration in this

---

[1] Due, in turn, to the defendant's failure to decisively accept or reject the additur on the record.

case, Rule 4(c),[2] we reaffirm our decision in <u>Kash</u> that this appeal must be dismissed. The time for entering an appeal does not begin to run until the trial court has entered an order granting or denying Defendant's Motion for a New Trial and/or Acquittal.[3]

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
GARY R. WADE, PRESIDING JUDGE


_____
JOSEPH M. TIPTON, JUDGE

---

[2] <u>See supra</u> at 2. The differences are procedural—the rule lists motions available under the Tennessee Rules of Civil Procedure that toll running of the time for appeal until decided by the trial court.

[3] We note that the State raised this issue in its brief filed on February 25, 1998; however, the deficiency was apparently not corrected.